UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH WAYNE MYKOLAITIS,

        Petitioner,

                                    Civil Case No. 16-14181

v.                                    Honorable Linda V. Parker

SHAWN BREWER,

        Respondent,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

      Petitioner Keith Wayne Mykolaitis ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his pro se application, Petitioner challenges a court order requiring the reimbursement of court-appointed attorney fees for his conviction and sentence for breaking and entering a building with intent and being a fourth felony habitual offender, in violation of Michigan Compiled Laws Sections 750.110 and 769.12, respectively.  For the reasons stated below, the Court is summarily denying the petition.

## Background

On May 29, 1998, Petitioner was convicted of the above-listed offense following a jury trial in the Circuit Court for Oakland County, Michigan. On July 1, 1998, the state trial court sentenced Petitioner to two to twenty years in prison. Petitioner was discharged from parole on June 27, 2002.[1] Petitioner claims that he has been ordered several times to pay the Oakland County Reimbursement Division for court-appointed attorney fees in the amount of $3,521.00. Petitioner claims he previously filed for bankruptcy protection in federal bankruptcy court and should not have been assessed attorney fees because they are a type of debt the bankruptcy court discharged in his bankruptcy case.

Petitioner filed a motion in state court to vacate the court-appointed attorney fees, which the court denied. *People v. Mykolaitis*, No. 97-155147-FH (Oakland Cty. Cir. Ct. July 10, 2014). The Michigan appellate courts denied Petitioner leave to appeal the denial of this motion. *People v. Mykolaitis*, No. 326599 (Mich. Ct. App. Apr. 22, 2015), *lv. den.* 499 Mich. 913, 878 N.W.2d 219 (2016).

---

[1]According to the Michigan Department of Corrections' Offender Tracking Information System (OTIS), Petitioner currently is serving a sentence of 50-100 years for second-degree murder, 5-40 years for felon in possession of a firearm, and 2 years for felony-firearm for convictions arising out of the Oakland County Circuit Court on July 20, 2006. The Court may take judicial notice of this information. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004). Petitioner is not challenging these convictions in the current habeas corpus petition.

On November 28, 2016, Petitioner filed his federal habeas petition seeking relief on the following grounds:

> I. [The] Circuit Court did not address that Federal Bankruptcy voided attorney fees if cost is for defense, not prosecution.
>
> II. Mr. Mykolaitis has shown hardship, claims federal court ruling/filing bankruptcy is proof of hardship.
>
> III. Circuit Court was in violation of the *Ex Post Facto* Clause pursuant (sic) when M.C.L.A. 769.1k(1) was applied retroactively.

## Analysis

A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rule 4 of the Rules Governing § 2254 Cases. This Court is summarily dismissing Petitioner's case because it lacks jurisdiction over his habeas petition due to the fact that Petitioner no longer is in custody for the conviction from which the challenged attorney fees arose.

The plain language of § 2254 requires that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time a habeas petition is filed in the federal court. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A habeas petitioner is no longer "in custody" for purposes of a conviction imposed, after the sentence on that conviction has fully expired. *Id*. at 492-93. The "in

custody" requirement is jurisdictional. *Foster v. Booher*, 296 F.3d 947, 949 (10th Cir. 2002).

Although the Supreme Court has not interpreted § 2254 as requiring "that a prisoner be physically confined in order to challenge his sentence on habeas corpus," *Maleng*, 490 U.S. at 491, "[t]he custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) (holding that a petitioner who had been released on his own recognizance pending the execution of sentence was "in custody" for the purposes of federal habeas corpus). As a result, "its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." *Id*. When considering the identical "in custody" requirement of 28 U.S.C. § 2255, the Sixth Circuit has stated that " 'a monetary fine is not a sufficient restraint on liberty to meet the requirement[.]" *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995); *see also Michael v. Hackel*, 491 F. App'x 670, 671 (6th Cir. 2012) (stating that a fine is not cognizable under § 2254 and citing *Watroba*, 56 F.3d at 29).

In June 2002, Petitioner was paroled on the conviction he is challenging. He no longer is "in custody" on this conviction. Although Petitioner currently is incarcerated, *see supra* note 1, he is not seeking relief (through this petition) from

the conviction or sentence upon which his present confinement is based. *See, e.g.*, *Leslie v. Randle*, 296 F.3d 518, 522 (6th Cir. 2002). Thus, this Court lacks subject matter jurisdiction over his habeas petition with respect to this conviction. *See Steverson v. Summers*, 258 F.3d 520, 523 (6th Cir. 2001).

The Court, therefore, is summarily dismissing the petition without prejudice.[2] Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue only if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. The Court also is denying Petitioner leave to appeal in forma pauperis, because any appeal would not be taken in good faith. Fed. R. App. P. 24(a).

Accordingly,

---

[2] The dismissal is without prejudice because another court may have jurisdiction to grant Petitioner the relief he is seeking.

**IT IS ORDERED** that the petition for a writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

                                              s/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: December 15, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 15, 2016, by electronic and/or U.S. First Class mail.

                                              s/ Richard Loury
                                              Case Manager